UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOLPHIN MOODY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 4:17CV2029 HEA |
| | ) |
| JANSSEN PHARMACEUTICALS, | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, and Janssen Research and Development, LLC's motion to dismiss the claims of the out-of-state plaintiffs for lack of personal jurisdiction and for failure to state a claim, or in the alternative, motion for more definite statement, [Doc. No. 9]. Also before the Court are plaintiffs' motion to remand, [Doc. No. 12] and motion to stay these proceedings. The parties oppose the respective motions.

**Facts and Background**

On June 13, 2016, plaintiffs filed this action in the Circuit Court of the City of St. Louis, Missouri, alleging seven state law causes of action against defendants arising out of their manufacture and sale of the drug Risperdal ("Risperdal"). Plaintiffs, who are comprised of minor children, parents and/or guardians of minor

children, and adult plaintiffs, allege that they have suffered serious injury and damages that were caused by Risperdal. They bring state law claims for negligence (Count I); fraud (Count II); strict product liability–failure to warn (Count III); strict product liability (Count IV); breach of express warranty (Count V); breach of implied warranty (Count VI); and unfair and deceptive trade practices (Count VII).

Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Defendants assert that all of the non-Missouri Plaintiffs should be dismissed from the case and that the Court's diversity jurisdiction would apply to the remaining Missouri Plaintiffs' claims. Defendants asserted that the United States Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers*"), issued on June 19, 2017, constituted an "order" or "other paper," which triggers a new 30-day period for removal under 28 U.S.C. § 1446(b)(3). In that case, the Supreme Court held that a state court lacks specific jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed even if those plaintiffs join their claims with in-state plaintiffs.

Defendants claim that their Notice of Removal was also timely under 28 U.S.C. § 1446(c)(1), which provides that an action may not be removed after one year from the date of commencement "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Defendants asserted that Plaintiffs engaged in bad faith by including nondiverse Plaintiffs in the case for the purpose of evading federal jurisdiction. Plaintiff filed a timely motion to remand, arguing that *Bristol-Myers* does not create an exception to the application of the 30-day time limit of § 1446(c)(1), and that no bad faith has been shown.

## Discussion

Despite the lack of complete diversity on the face of the complaint, defendants assert that federal diversity jurisdiction exists because this Court does not have general jurisdiction over the defendants to hear plaintiffs' claims, and none of the out-of-state plaintiffs can establish specific personal jurisdiction over the defendants in Missouri. Defendants have filed a motion to dismiss the claims of all the out-of-state plaintiffs for lack of personal jurisdiction, and urge to the Court to address that motion first. According to defendants, granting the motion to dismiss is straightforward and will create complete diversity between defendants and the remaining Missouri plaintiffs. In the alternative, defendants argue that the

citizenship of all non-Missouri plaintiffs should be disregarded because their claims were "fraudulently joined" in that these plaintiffs cannot establish personal jurisdiction over any defendant in any court in Missouri.

Plaintiffs move to remand. Plaintiffs assert that there is a lack of complete diversity of the parties and no federal question is raised.

A federal court may not proceed in a case unless it has subject matter jurisdiction. See *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Certain threshold issues, however, such as personal jurisdiction, may be addressed without a finding of subject matter jurisdiction, "provided that the threshold issue is simple when compared with the issue of subject matter jurisdiction." *Id*. (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999)). It is within the Court's discretion to determine whether to decide the issues of personal jurisdiction or subject matter jurisdiction first. *Id*. The Supreme Court in *Ruhrgas* acknowledged, however, that "in most instances subject-matter jurisdiction will involve no arduous inquiry" and "[i]n such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id*. at 587-88.

Defendants argue that the United States Supreme Court addressing personal jurisdiction, *Bristol-Myers Squibb Co. v. Super. Ct. of Cal*., *S. F. Cnty*.,137 S. Ct. 1773 (2017), makes it clear that this Court does not have personal jurisdiction over

defendants. Defendants urge the Court to follow another case from this district where personal jurisdiction was addressed first. *Siegfried v. Boehringer v. Ingelheim Pharm., Inc.*, No. 4:16-CV-1942 CDP, 2017 WL 2778107, at *1-6 (E.D. Mo. June 27, 2017).

The Court does not agree that *Bristol-Myers*, 137 S. Ct. 1773has changed the legal terrain established in *Ruhrgas*, 526 U.S. 574. It is still within the Court's discretion to decide which threshold issue to address first, taking into account which issue is simpler and can be decided more expeditiously. *Ruhrgas*, 526 U.S. at 587-88. The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

It is undisputed that the parties in this case are not diverse and diversity jurisdiction does not exist.

The Court will follow the established line of removed cases in this District involving the drug Risperdal, the same defendants, and the same issues, and remand this case to state court for lack of subject matter jurisdiction. See, e.g., *Sheffield*, 2017 WL 5953104, at *1; *Somerville*, 2017 WL5903500, at *1; *Cooks*,

2017 WL 2189466, at *1; *Simpson*, 2017 WL 2189467, at *1; *Reese v. Janssen Pharms., Inc.*, No. 4:17-CV-1317 JAR, 2017 WL 1954635, at *2 (E.D. Mo. May 11, 2017); *Lawson v. Janssen Pharms., Inc.*, No. 4:17-CV-1300 JCH, 2017 WL 1684750, at *2 (E.D. Mo. May 3, 2017); *Ackerson v. Janssen Pharms.*, No. 4:17-CV-1303 JCH, 2017 WL 1684763, at *2 (E.D. Mo. May 3, 2017); *Thomas v. Janssen Pharms., Inc.*, No. 4:17-CV-1298 RWS, slip op. at 2 (E.D. Mo. May 2, 2017); *Robinson, et al., v. Janssen Pharms., Inc.*, 4:17-CV-862 JCH, slip op. at 3 (E.D. Mo. April 10, 2017); *T.R.*, 2017 WL 492827, at *2; *Triplett v. Janssen Pharms., Inc.*, No. 4:14-CV-2049 AGF, slip op. at 3 (E.D. Mo. July 7, 2015); *Gracey*, 2015 WL 2066242, at *3; *Clayton v. Ortho-McNeil-Janssen Pharms. Inc.*, 4:14-CV-1927 JAR, 2015 WL 11658701, at *2 (E.D. Mo. Apr. 16, 2015); *Morgan v. Janssen Pharms., Inc.*, No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 4:14-CV-1485 RWS, 2014WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014). But see *Covington¸* 2017 WL 3433611, at *5.

The Court also rejects Defendants' argument that Plaintiffs have engaged in bad faith under § 1446(c)(1). *See Swann v. Johnson & Johnson*, No. 4:17CV1845 SNLJ, 2017 WL 3034711, at *2 (E.D. Mo. July 18, 2017); *Jackson v. Bayer Healthcare Pharms., Inc.*, No. 4:17CV01413 JAR, 2017 WL 2691413, at *5 (E.D. Mo. June 22, 2017).

The Court finds it does not have subject matter jurisdiction to hear this case, and will remand this case to the Circuit Court of the City of St. Louis.

**Conclusion**

The Court lacks subject matter jurisdiction to hear this case, as the parties are not diverse. The Motion to Remand is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand, [Doc. No. 12], is granted.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

Dated this 20th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE